# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Mario Hairston, #47079-039,  ) | Case No. 2:21-cv-3643-RMG |
| )   Petitioner,   ) | |
| ) | **ORDER** |
| v.   ) | |
| ) | |
| Warden FCI Edgefield,   ) | |
| ) | |
| )   Respondent.   ) | |
| _____ ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 20) recommending that this action be transferred to the United States District Court for the Western District of Wisconsin. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and transfers this action to the Western District of Wisconsin.

## I. Background

Petitioner, proceeding pro se and in forma pauperis, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. When this action was brought, Petitioner was incarcerated at FCI Edgefield, Edgefield, South Carolina. (Dkt. No. 1 at 1). Since the filing of this action, however, Petitioner has been transferred to the Federal Correctional Institution Oxford, which falls within the territory of the Western District of Wisconsin. (Dkt. No. 20 at 2).

On June 29, 2022, the Magistrate Judge issued an R&R recommending that this action be transferred to the Western District of Wisconsin. Petitioner did not file objections to the R&R,

## II. Legal Standards

### a. Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Petitioner did not file objections to the R&R, it is reviewed for clear error.

### III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded this action should be transferred to the Western District of Wisconsin. The "proper respondent to a habeas petition is the person who has custody over [the petitioner]." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). This is because the writ of federal habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2242. "There is generally only one proper respondent to a given prisoner's habeas petition" and it is the custodian "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434-35.

Petitioner is no longer in the custody of the warden of FCI Edgefield; he is in the custody of the warden of FCI Oxford. The Court may, in the interest of justice, *sua sponte* transfer a matter to the appropriate court rather than dismiss. *Feller v. Brock*, 802 F.2d 722, n.7 (4th Cir. 1986). The Court finds that transferring this matter to the district with jurisdiction is in the interest of justice so as to afford the parties an opportunity to continue to address Petitioner's request for relief on the merits.

IV. **Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 20) as the order of Court. Accordingly, the Court **ORDERS** that the Clerk of the Court substitute "Warden FCI Oxford" as the respondent to this case and transfer this petition to the United States District Court for the Western District of Wisconsin.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

August 31, 2022  
Charleston, South Carolina